

CLERK, U.S. FILED DISTRICT COURT

JUL 2 0 2005

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6 ____
JS-2/JS-3 ____
Scan Only____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BLANCA ARCE, | No. CV 04-07728-VBK |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | (Social Security Case) |
| JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security, | DOCKETED ON CM |
| Defendant. | JUL 2 1 2005 |
| | BY ____ 021 |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner ("AR"). The parties have filed their pleadings and supporting memoranda, and the Commissioner has filed the certified AR. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

Plaintiff first contends that the ALJ erred in finding that her

1  "condition" had not worsened since issuance of a previous decision by
2  an ALJ adjudicating a prior application filed by Plaintiff for
3  supplemental security income, on June 5, 1998. (See Motion at 4-8, AR
4  22.)  Plaintiff asserts that her physical impairments had worsened,
5  and that subsequent psychiatric examination and testing reveal a
6  mental impairment which did not exist as of the prior decision. (See,
7  id.)

8       With regard to the physical impairments, much of the evidence
9  which Plaintiff cites consist of her own self-reporting, rather than
10 objective results.   For example, much of what Plaintiff claims
11 constitutes Dr. Riffenburgh's diagnosis instead is contained within
12 the "History" portion of his report. (AR 217.)  The actual physical
13 examination, however, did not substantiate these claims.  Plaintiff
14 also asserts that a Dr. Salkinder precluded her from repetitive
15 bending, lifting, reaching, pulling and pushing with her arms at or
16 above the shoulder level, and also concluded she was not to lift more
17 than 10 pounds on the left and 15 pounds on the right (Motion at 5);
18 however, these summaries are contained in a QME report of a
19 neurologist, Dr. Merman. (AR 275-295.)

20      The ALJ's decision indicates a thorough review of the medical
21 evidence, including the evidence presented before ALJ Kent, which
22 formed the basis for the 1998 decision. (AR 20, et seq.)  The ALJ
23 cited Dr. Merman's report, issued in December 2001, which indicated
24 that she did not have radiculopathy related to symptoms of asserted
25 sensory loss in her upper extremities and around her face. (AR 21.)
26 The ALJ relied upon a consultative examination by an internist in
27 November 2000. (AR 21, 249-253.)  In that latter examination, Dr.
28 Lambert found that Plaintiff's ability to stand, walk and sit were not

1  restricted, and that she had only minor postural limitations.  The ALJ
2  noted Dr. Lambert's functional assessment which allowed Plaintiff to
3  lift and carry 50 pounds occasionally and 25 pounds frequently. (AR
4  21, 253.)

5      Pursuant to the ALJ's responsibilities to evaluate and resolve
6  any conflicts in medical evidence and testimony (see Magallanes v.
7  Bowen, 881 F.2d 747, 750 (9th Cir. 1989)), the Court finds that the ALJ
8  properly discharged his obligations, and did not err in finding that
9  Plaintiff's physical improvements had not worsened significantly since
10 the date of ALJ Kent's decision.

11     Plaintiff also asserts that her mental condition worsened since
12 the date of the prior decision.  Plaintiff cites the report and
13 examination of Dr. Lustig (AR 226-242); however, again, Plaintiff
14 relies more on the subjective symptoms which she reported to Dr.
15 Lustig, than upon objective results. (Motion at 5-6.)  Ultimately, Dr.
16 Lustig's diagnosis was that Plaintiff suffered from a mixed anxiety
17 depressive disorder, going into remission as of his report date of
18 June 8, 2000. (AR 227.)  This is consistent with the ALJ's summary of
19 Dr. Lustig's reports. (AR 22.)  Moreover, it is clear that the ALJ's
20 finding that Plaintiff did not suffer from a severe mental impairment
21 is supported by the record.  Other than two visits with Dr. Lustig,
22 who prepared his report at the request of Plaintiff's counsel on June
23 8, 2000 (AR 226), there is no record of treatment or medication for a
24 mental condition.  This fact was properly noted by the medical expert
25 ("ME") at the hearing (AR 316-317), and by the ALJ in his decision.
26 (AR 22.)  The lack of ongoing treatment or medication is a relevant
27 factor which the ALJ properly considered.  See Benton v. Barnhart, 331
28 F.3d 1030, 1038 (9th Cir. 2003).

3

1    Plaintiff also asserts that the ALJ improperly assessed her
2  residual functional capacity ("RFC"). Plaintiff primarily points to
3  a summary of Dr. Salkinder's report, contained in Dr. Merman's
4  records, which the Court has already discussed. The ALJ, however,
5  chose to rely upon the consultative report of Dr. Lambert in assessing
6  Plaintiff's RFC. The ALJ's reliance on the report of Dr. Lambert is
7  tied in with another issue Plaintiff raises, which concerns her
8  credibility. (Motion at 14-15.) Indeed, this record is replete with
9  evidence that Plaintiff has repeatedly exaggerated both her physical
10 and mental symptoms when examined by medical professionals. As the
11 ALJ noted, Plaintiff's contentions regarding extreme physical
12 limitations were contradicted even in her own reporting to Dr. Merman.
13 (AR 23.) Dr. Lambert specifically identified exaggerations of
14 symptoms by Plaintiff in her own testing. (AR 249-254, 23.) Further,
15 as already noted, her lack of treatment for alleged severe mental
16 issues is further evidence which detracts from her credibility. The
17 Court finds that the ALJ's specification of reasons was sufficiently
18 specific and legitimate under the controlling standards set forth in
19 Ninth Circuit cases. See, Bunnell v. Sullivan, 947 F.2d 341, 345-46
20 (9th Cir. 1991); Tidwell v. Apfel, 161 F.3d 599, 601-02 (9th Cir. 1998).
21 Where objective findings contradict a plaintiff's own reports of
22 symptoms, the ALJ may utilize such evidence to disregard the
23 subjective statements. Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir.
24 1986).

25    For the foregoing reasons, the Court finds that the ALJ properly
26 assessed Plaintiff's RFC.

27    Finally, Plaintiff asserts that the ALJ erred at Step Four in the
28 evaluation by determining she could return to her past relevant work.

4

1   Plaintiff has failed to demonstrate why, given the RFC as determined

2   by the ALJ, she was incapable of her past relevant work, including

3   kitchen helper, cook, project counselor, or case aide. (AR 24.)

4       For the foregoing reasons, the Court affirms the decision of the

5   Commissioner.

6

7      **IT IS SO ORDERED.**

8   DATED:_____7-20-05_____

9

10

11                  VICTOR B. KENTON
                   UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28